## UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ELAINE L. CHAO, SECRETARY OF LABOR,  :
UNITED STATES DEPARTMENT OF LABOR,
                                     :        CIVIL ACTION
                 Plaintiff,
     v.                              :        No.  **07 4835**

KEYSTONE CONTRACTORS, INC.,          :
DONALD STAUFFER, JR., and
ALLIANCEBERNSTEIN INVESTOR           :
SERVICES, INC.,

                 Defendants          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### COMPLAINT

Elaine L. Chao, Secretary of Labor, United States Department of Labor, hereby alleges:

### JURISDICTION AND VENUE

1.  This action arises under the Employee Retirement Income Security Act of 1974

    ("ERISA" or "the Act"), 29 U.S.C. § 1001, et seq., and is brought to obtain relief under

    Sections 409 and 502 of ERISA, 29 U.S.C. §§ 1109 and 1132, in the form of equitable

    remedies that will redress violations, obtain appropriate equitable relief for breaches of

    fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and obtain such further equitable

    relief as may be appropriate to enforce the provisions of Title I of ERISA.

2.  This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of

    ERISA, 29 U.S.C. § 1132(e)(1).

3.  Venue with respect to this action lies in the Eastern District of Pennsylvania, pursuant to

    Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4.  The Keystone Contractors, Inc. Profit Sharing 401(k) Plan ("the Plan") is an employee

benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is, therefore, subject to the coverage of the Act pursuant to Section 4(a) of ERISA, 29 U.S.C. § 1003(a).

5.    Keystone Contractors, Inc. ("Keystone" or "the Company"), a Pennsylvania corporation, was the administrator and sponsor of the Plan.

6.    In 2003, Keystone ceased operations.

7.    For purposes of this Complaint, the relevant period is defined as January 1, 2003 to date.

## THE PARTIES

8.    The Secretary, pursuant to Sections 502(a)(2) and (5) of the Act, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

10.    Keystone was the Plan Sponsor and Administrator and thus a fiduciary to the Plan within the meaning of ERISA Section 3(21), 29 U.S.C. § 1002(21), and a party in interest with respect to the Plan within the meaning of ERISA Section 3(14)(A), 29 U.S.C. § 1002(14)(A).

11.    Donald Stauffer, Jr. ("Stauffer") was a fiduciary to the Plan within the meaning of ERISA Section 3(21), 29 U.S.C. § 1002(21), and a party in interest with respect to the Plan within the meaning of ERISA Section 3(14)(A), 29 U.S.C. § 1002(14)(A).

12.    AllianceBernstein Investor Services, Inc. ("AllianceBernstein") is the custodian for the assets held in the Plan.

13.    AllianceBernstein is joined as a party defendant pursuant to Rule 19(a) of the Federal

2

Rules of Civil Procedure solely to assure that complete relief can be granted.

## GENERAL ALLEGATIONS

14.  In August 1995, Keystone established the Plan to provide retirement benefits to eligible participants of the Company.

15.  As of July 10, 2007, the Plan had eighteen (18) participants and approximately $27,050.63 in Plan assets.

16.  From the inception of the Plan to date, AllianceBernstein has been the custodian for the assets held in the Plan.

17.  In 2003, Keystone ceased operations.

18.  Since that time, neither the Company nor Stauffer has taken fiduciary responsibility for the operation and administration of the Plan and its assets, nor have they appointed anyone to assume said responsibility.

19.  Since 2003, the participants and beneficiaries of the Plan have not been able to obtain distributions from the Plan of their individual account balances.

## VIOLATIONS

20.  Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts by reference the averments and allegations of paragraphs 1-19, inclusive.

21.  By the actions and conduct described in paragraphs 17-19, the Company and Stauffer as fiduciaries of the Plan,

a.    failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing

3

benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and

b.      failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

## **PRAYER FOR RELIEF**

WHEREFORE, the Secretary prays that this Court enter an Order:

A.      Removing defendants Keystone and Stauffer from their positions as fiduciaries with respect to the Plan and appointing an independent fiduciary to administer the Plan in order to effectuate its termination and the distribution of Plan assets to the participants and beneficiaries;

B.      Directing defendant AllianceBernstein to turn the assets of the Plan over to the independent fiduciary to administer the Plan;

C.      Awarding the Secretary the costs of this action; and

D.    Ordering such further relief as is appropriate and just.

Post Office Address:

Catherine Oliver Murphy
Regional Solicitor
Office of the Solicitor
U. S. Department of Labor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
Phone:  (215) 861-5146
Fax:  (215) 861-5162

Jonathan L. Snare
Acting Solicitor of Labor

Catherine Oliver Murphy
Regional Solicitor

Mark V. Swirsky
Attorney
PA I.D. # 22862


U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff